

**SO ORDERED.**

**SIGNED this 12 day of June, 2012.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                                      CASE NO.

**CLAYTON PROFESSIONAL CENTER, LLC**              **11-09011-8-SWH**

     **DEBTOR**

**MEMORANDUM OPINION REGARDING DISMISSAL**

This matter came before the court on a motion by PNC Bank, N.A., successor to RBC Bank (USA) f/k/a RBC Centura Bank (hereinafter "PNC Bank"), to dismiss the chapter 11 case pursuant to 11 U.S.C. § 1112. A hearing was held in Raleigh, North Carolina, on May 29, 2012. At the conclusion of the hearing, the court ruled from the bench in favor of PNC Bank, and a short order was entered granting the motion to dismiss. This memorandum opinion sets forth the basis of that order.

BACKGROUND

The debtor, Clayton Professional Center, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 29, 2011. The debtor manages a 7,290-square-foot medical office building located on approximately 13.3 acres at 900 S. Lombard Street, Clayton, NC (the "Property"). Although the site has been approved for the construction of three office buildings, at present only one has been built; a medical office building containing three subdivided office units,

with two units currently leased (Laboratory Corp. of America and Lisa M. Bookert, M.D., d/b/a Clayton Family Medical Practice, respectively).  The debtor is a single asset real estate debtor as defined by 11 U.S.C. § 101(51B).

On its schedules, the debtor lists the value of its assets as $1,900,100 and the total amount of its liabilities as $1,383,153.23.  The debtor's primary liabilities include its obligation to PNC Bank, which holds a promissory note in the original principal amount of $1,475,000 dated June 18, 2007 (the "Note").  The Note is secured by a Deed of Trust Securing Future Advances covering the debtor's Property (the "Deed of Trust").  The debtor also executed a separate Assignment of Rents and Leases on June 18, 2007.  Furthermore, as additional consideration for the Note, Douglas K. Cross, Lisa M. Bookert, M.D., and Lisa M. Bookert, M.D., P.A. each executed Guaranty Agreements in favor of RBC Bank dated June 18, 2007.  The debtor defaulted under the Note and Deed of Trust after failing to make monthly payments when due.  Subsequently, PNC Bank initiated foreclosure proceedings on October 28, 2011, but the action is currently stayed pursuant to 11 U.S.C. § 362.  The outstanding balance owed to PNC Bank as of the petition date is $1,475,028.20, including $300,281.34 estimated as arrears.

The debtor filed a plan of reorganization on February 27, 2012.  The debtor's plan proposed continuation of the debtor's business and satisfaction of creditor claims from income earned through continued rental of the office space, contributions by guarantors of the Note securing the Property, and proceeds from the sale of all or a portion of the Property.

PNC Bank filed a motion to dismiss on April 17, 2012.  The debtor moved to convert the chapter 11 case to one under chapter 7 on May 28, 2012.  The bankruptcy administrator supports dismissal, as opposed to conversion.

DISCUSSION

Under § 1112(b) of the Bankruptcy Code, "the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

The first step of the court's inquiry focuses on determining if cause exists to either dismiss or convert the case. Section 1112(b)(4) enumerates a non-exclusive list of grounds sufficient to establish bases for conversion or dismissal. Carolin Corp. v. Miller, 886 F.2d 693, 698-99 (4th Cir. 1989). The movant bears the initial burden of establishing cause for dismissal or conversion. In re Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 711 (Bankr. D. Md. 2011). PNC Bank alleges four grounds for dismissal under § 1112(b)(4), including: (i) substantial or continuing loss to or diminution of the estate with no reasonable likelihood of rehabilitation; (ii) failure to comply with an order of the court with respect to the filing of monthly reports; (iii) failure to obtain an order from the court or consent of PNC Bank for use of cash collateral; and (iv) no reasonable likelihood that the debtor's proposed plan will be confirmed.

The evidence established that the debtor has been late in filing monthly operating reports and paying quarterly fees, and failed to pay ad valorem taxes for 2011 and 2012. Moreover, in its motion to convert from chapter 11 to chapter 7, the debtor concedes its inability to develop a confirmable plan. Sufficient cause has been shown by PNC Bank to dismiss or convert the case.

Next, the court must determine which avenue – conversion to chapter 7, or dismissal – is in the best interests of creditors and of the bankruptcy estate. In re Pittsfield Weaving Co., 393 B.R.

3

271, 276 (Bankr. D.N.H. 2008).  A comparison of the two options reveals that dismissal is in the best interest of all constituents.

A.      Conversion to Chapter 7

Converting this chapter 11 case to one under chapter 7 would result in the appointment of a trustee.  11 U.S.C. § 701.  The duty of a chapter 7 trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."  11 U.S.C. § 704.  However, at the hearing, the debtor admitted that at least six months of marketing the Property through a reputable realtor would be necessary to maximize its value for sale.  During this marketing period, a property manager would not only need to manage and maintain the Property, but also actively solicit additional rentals.  A trustee does not have the expertise to market and manage the Property without the help of other professionals, and such marketing, management, maintenance, and tenant upfit all require funding.  Because PNC Bank already has indicated its unwillingness to consent to the use of its cash collateral, the trustee would have no access to additional funds and thus would be forced to auction or otherwise quickly liquidate the Property.  Moreover, PNC Bank has indicated that if the case is converted, it will move expeditiously for relief from stay because the current rentals generated by the Property do not adequately protect PNC Bank's interests.  Accordingly, there is no reason to believe that conversion and the appointment of a trustee would maximize value for creditors.

While possibly benefitting unsecured and priority creditors, conversion may also expose the debtor's principals to avoidance claims initiated by the trustee.  The statement of financial affairs indicates that the debtor's principals received distributions in excess of $100,000 within a year of

the petition date, which may constitute preferential transfers.  However, those potential avoidance actions do not weigh heavily in favor of conversion given that the largest unsecured creditor, PNC Bank, endorses dismissal.

B.      Dismissal

PNC Bank has indicated that if the case is dismissed, the bank will proceed with the appointment of a state court receiver to manage and market the Property.  In this case, receivership provides a superior tool for liquidating the Property because of a receiver's ability to market the Property with the backing of the bank over a longer period of time.  Unlike a chapter 7 trustee, a receiver would have sufficient time and revenue to find additional tenants, increase rent, and attract potential investors.  Because a fully-rented property has greater value due to its greater income potential, a receiver has a better chance of obtaining a greater return on the debtor's Property as compared to a chapter 7 trustee.  It is apparent that dismissal offers the stronger opportunity for property management and maximizing the estate's value, and that dismissal of the chapter 11 case is in the best interest of both the creditors and the bankruptcy estate.

CONCLUSION

For the foregoing reasons, PNC Bank's motion to dismiss is granted, effective upon the payment of all outstanding quarterly fees.

**SO ORDERED.**

**END OF DOCUMENT**